# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1156V
Filed: March 28, 2019
UNPUBLISHED

|  |  |
|---|---|
| REBECCA J. MCDOWELL,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Zachary James Hermsen, Whitfield& Eddy Law, Des Moines, IA, for petitioner.*
*Amy Paula Kokot, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On August 25, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury caused by her October 15, 2015 influenza ("flu") vaccination. Petition at 1. On February 8, 2019, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 43.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 7, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 41. Petitioner requests attorneys' fees in the amount of $13,698.50 and attorneys' costs in the amount of $463.11. *Id.* at 1 and 4. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 48. Thus, the total amount requested is $14,161.61.

On February 20, 2019, respondent filed a response to petitioner's motion. ECF No. 44. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**I.    Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

2

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

### II. Attorney Fees

#### A. Hourly Rates

##### i. Zachary Hermsen, Esq.

Petitioner requests compensation for attorney Zachary Hermsen at the rate of $215 per hour for all time billed from 2017 through 2019. ECF No. 41 at 1. The undersigned finds the requested rate of $215 for all time billed in the case excessive based on his overall legal experience and his lack of experience in the Vaccine Program[3]. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Attorney hourly rates are set forth in the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2019 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914. The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules. *See also McCulloch*, 2015 WL 5634323, at *19.

Petitioner's motion states that Mr. Hermsen has been practicing law for over three years which places him in the range of attorneys with less than four years' experience throughout the case. *Id.* at 2. The OSM Attorneys' Forum Hourly Rate Schedules for attorneys in this range for the billing years of this case is as follows:

- 2017: $153 - $230 per hour
- 2018: $159 - $238 per hour
- 2019: $162 - $243 per hour

Due to Mr. Hermsen's limited legal experience and inexperience in the Vaccine Program, the undersigned finds cause to reduce his requested hourly rate to the following:

- 2017: $175 per hour
- 2018: $195 per hour
- 2019: $215 per hour

---

[3] Mr. Hermsen was previously awarded $153 per hour for time worked in 2017 and $159 per hour for time worked in 2018 in *Wetterling v. Sec'y of Health & Human Serv's*, No. 17-0144V, *(Fed. Cl. Sp. Mstr. Feb. 4, 2019). Due to the outcome of the current case and the increased hours involved in the matter, the Chief Special Master reconsidered the hourly rates for Mr. Hermsen based on additional experience in the Vaccine Program.

The undersigned reduces the amount of attorney's fees requested by **$1,320.00**.[4]

### ii. Tom Reavely, Esq.

Petitioner requests compensation for attorney Tom Reavely at the rate of $400 per hour for all time billed from 2017 through 2019. ECF No. 41 at 1. The undersigned finds the rate of $400 per hour reasonable for time worked in 2018 and awards it herein. In regard to time billed in 2017, Mr. Reaverly was previously awarded the hourly rate of $394. *See Wetterling v. Sec'y of Health & Health Servs.,* No. 17-144V, (Fed. Cl. Sp. Mstr. Feb. 4, 2019). The undersigned finds the previously awarded rate reasonable and awards it here in, reducing the amount of attorney's fees requested by **$22.22**.[5]

### B. Non-Compensable Billing

Billing records show that 2.30 hours were billed as "Legal research re proper filing under the Vaccine Act; drafted detailed email to Zach Hermsen with findings". ECF No. 41-1 at 2. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). This entry is non-compensable, and the undersigned reduces the request for attorney fees by **$149.50**.[6]

## III. Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $463.11. supporting documentation regarding this request was not provided, however given the overall amount is reasonable the undersigned awards the full amount of attorney costs sought.

## IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

---

[4] This amount consists of ($215 - $175 = $40 x 21.6 hrs = $864) + ($215 - $195 = $20 x 22.8 hrs = $456) = $1,320.00.

[5] This amount consists of $400 - $394 = $6 x 3.7 hrs = $22.20.

[6] This amount consists of $65 x 2.3 hrs = $149.50.

4

**Accordingly, the undersigned awards the total of $12,669.89[7] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Zachary Hermsen.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.